ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>RECURRIDO<br><br><br>v.<br><br><br>ÁNGEL A. SOLERO RODRÍGUEZ<br><br>PETICIONARIO | TA2026CE00619 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.:<br>KVI2005G0074 AL 77<br>KLA2005G0469 AL 471<br><br>Sobre: Art. 83 Código Penal<br>Art. 5.04 Ley de Armas<br>Art. 5.07 Ley de Armas |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Ronda Del Toro y la Juez Lotti Rodríguez.

Lotti Rodríguez, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 27 de mayo de 2026.

Comparece ante nos el señor Ángel A. Solero Rodríguez, miembro de la población correccional (en adelante, señor Solero Rodríguez o peticionario), por derecho propio, mediante un *Recurso de Certiorari* presentado el 15 de mayo de 2026 y solicita que revisemos la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante, TPI o foro primario), el 9 de marzo de 2026 y notificada el 12 de marzo de 2026. Mediante el referido dictamen, el TPI declaró No Ha Lugar la *Moción por la Regla 192.1* y la *Moción solicitando que se tenga por sometida y se acoja la moción radicada bajo la Regla 192.1* presentadas por el peticionario.

Por los fundamentos que exponemos a continuación, ***desestimamos*** el recurso de epígrafe.

**I.**

Mediante *Sentencia*[1] dictada por el TPI el 17 de agosto de 2006 el señor Solero Rodríguez fue condenado a una pena de noventa y nueve (99) años de cárcel más cuarenta y nueve (49) años de cárcel por reincidencia en los siguientes casos: KVI2005G0074, KVI2005G0075, KVI2005G0076 y KV2005G0077; veinte (20) años de cárcel más cinco (5) años de cárcel por reincidencia en los casos: KLA2005G0469 y KLA2005G0470; y treinta y seis (36) años de cárcel más doce (12) años de cárcel por reincidencia en el caso KLA2005G0471, los cuales debería cumplirse de forma consecutiva entre sí y con cualquier otra pena que estuviere cumpliendo, sin costas.[2]

Surge del expediente que en octubre de 2025 el peticionario presentó ante el TPI una *Moción por la Regla 192.1*[3] en la que sostuvo que la sentencia que le había sido impuesta violaba la Constitución de Puerto Rico y que los cómputos eran erróneos, por lo que solicitó que se siguiera el procedimiento bajo la Regla 192.1 de Procedimiento Criminal para evaluar y modificar su sentencia.

Posteriormente, en febrero de 2026, el señor Solero Rodríguez radicó una nueva *Moción solicitando que se tenga por sometida y se acoja la moción radicada bajo la Regla 192.1 por incumplimiento del Ministerio Público*[4].

A su vez, el Ministerio Publico se expresó con un escrito intitulado *Replica a moción del convicto Ángel A. Solero Rodríguez al amparo de la R. 192.1 de las de Procedimiento Criminal*[5].

El foro primario declaró No Ha Lugar las solicitudes del peticionario mediante *Resolución*[6] emitida el 9 de marzo de 2026 y notificada el 12 de marzo de 2026.

---

[1] Apéndice del *Recurso de Certiorari*, Entrada Núm. #3, pág. 16.
[2] Además de dicha *Sentencia*, el peticionario fue sentenciado por otros cargos mediante tres (3) sentencias emitidas el 5 de mayo de 2005.
[3] Apéndice del *Recurso de Certiorari*, Entrada Núm. #3, págs. 2-7.
[4] Apéndice del *Recurso de Certiorari*, Entrada Núm. #3, págs. 17-18.
[5] *Id.*, págs. 19-22.
[6] *Id.*, Entrada Núm. #2 y Entrada Núm. #3, pág. 23.

En desacuerdo con la determinación del TPI, el 24 de marzo de 2026 el señor Solero Rodríguez presentó una *Moción de reconsideración resolución de 9 de marzo de 2026*[7], la cual fue declarada No Ha Lugar por el foro primario mediante *Orden*[8] del 30 de marzo de 2026, notificada el **7 de abril de 2026**.

Inconforme, el **15 de mayo de 2026**, el peticionario presentó el recurso de epígrafe en el que señala que el TPI cometió los siguientes errores:

Primer error:
Erró el Tribunal al denegar la moción bajo la Regla 192.1 sin celebrar vista evidenciaria, a pesar de que el expediente no demostraba concluyentemente la falta de derecho a remedio.

Segundo error:
Erró el Tribunal al no desarrollar el expediente en un caso altamente complejo que involucra múltiples sentencias, reincidencia y cómputos especializados.

Tercer error:
Erró el Tribunal al no atender adecuadamente los planteamientos sobre concurso de delitos y curso de conducta, resolviendo sin base fáctica suficiente.

Cuarto error:
Erró el Tribunal al no garantizar el debido proceso de ley, privando al peticionario de una adjudicación justa y completa.

Quinto error:
Erró el Tribunal al no considerar la necesidad de designar representación legal a un confinado indigente en un caso de alta complejidad jurídica.

Examinado el recurso y la totalidad del expediente, prescindimos de la comparecencia de la parte recurrida a tenor con la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, 216 DPR __ (2025), pág. 15.

**II.**

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *R&B Power, Inc. v. Junta de Subastas ASG*, 213 DPR 685, 698 (2024); *Pueblo v. Torres Medina*, 211 DPR 950, 958 (2023); *Cobra Acquisitions v. Mun. de Yabucoa et al.*, 210 DPR 384, 394 (2022). Es principio reiterado que los tribunales estamos llamados a ser fieles

---

[7] *Id.*, Entrada Núm. #3, págs. 24-27.
[8] *Id.*, pág. 30.

guardianes de nuestra jurisdicción, incluso cuando ninguna de las partes invoque tal defecto. *R&B Power, Inc. v. Junta de Subastas ASG, supra,* pág. 698; *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 268 (2018).

El Tribunal Supremo ha sido enfático en que la ausencia de jurisdicción es un defecto insubsanable. *Shell v. Srio. Hacienda,* 187 DPR 109, 112, 122-123 (2012). Por ello, en todo caso, es deber del foro primario y apelativo analizar si poseen jurisdicción para atender las controversias presentadas. *Mun. de San Sebastián v. QMC Telecom,* 190 DPR 652, 660 (2014). Así pues, si un tribunal carece de jurisdicción, lo procedente es la desestimación del caso sin entrar en los méritos de la controversia. *R&B Power, Inc. v. Junta de Subastas ASG, supra,* pág. 698; *Mun. de San Sebastián v. QMC Telecom, supra.*

Por otra parte, la Regla 83(B) y (C) del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob Enmdas.*, Reglamento TA, 2025 TSPR 141, 216 DPR __ (2025), dispone que el Tribunal de Apelaciones, a petición de parte o *motu proprio*, podrá desestimar un recurso cuando carece de jurisdicción o cuando el recurso fue presentado fuera del término de cumplimiento estricto.

En armonía con lo anterior, la Regla 32(C) de nuestro Reglamento del Tribunal de Apelaciones, *supra*, establece que el término para presentar el recurso de *certiorari* será "dentro de los treinta (30) días siguientes a la fecha del archivo en autos de copia de la notificación de la resolución u orden recurrida."

### III.

En el presente caso, el peticionario presentó el 15 de mayo de 2026[9] el *Recurso de Certiorari* de epígrafe para que revisáramos la determinación del

---

[9] Es preciso señalar que, aunque la portada del recurso tiene fecha del 15 de mayo de 2026, el sobre de depósito en el correo tiene fecha del 12 de mayo de 2026. No obstante, tomando en consideración cualquiera de las dos fechas, el 12 o el 15 de mayo, el recurso sigue estando fuera de término.

TPI que declaró No Ha Lugar las solicitudes presentadas al amparo de la Regla 192.1 de Procedimiento Criminal. Surge del expediente que la *Resolución* recurrida fue emitida el 9 de marzo de 2026 y notificada el 12 de marzo de 2026. Posteriormente, el peticionario presentó una moción de reconsideración el 24 de marzo de 2026, la cual fue declarada No Ha Lugar mediante *Orden* emitida el 30 de marzo de 2026 y notificada el 7 de abril de 2026.

Así las cosas, a partir de la notificación de la *Orden* que declaró No Ha Lugar la reconsideración, el peticionario contaba con el término de treinta (30) días dispuesto en la Regla 32(C) del Reglamento del Tribunal de Apelaciones para acudir oportunamente ante este Foro. Dicho término vencía el 7 de mayo de 2026. No obstante, el recurso de *certiorari* fue presentado el 15 de mayo de 2026, esto es, transcurrido el término jurisdiccional aplicable.

Además, el peticionario no acreditó justa causa que permitiera considerar tardíamente el recurso presentado. Como es sabido, los tribunales apelativos no tenemos discreción para asumir jurisdicción sobre un recurso presentado fuera del término correspondiente en ausencia de justa causa. En consecuencia, al haberse presentado el recurso tardíamente, procede su desestimación por falta de jurisdicción.

**IV.**

Por los fundamentos antes esbozados, procedemos a ***desestimar*** el recurso de *Ceriorari* por falta de jurisdicción.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Grana Martínez disiente con opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>ÁNGEL A. SOLERO RODRÍGUEZ<br><br>Peticionario | TA2026CE00619 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.<br>KVI2025G0074 al 77<br>KLA2005G0469 al 471<br><br>Sobre:<br>Art. 83 Código Penal,<br>Art. 5.04 Ley de Armas,<br>Art. 5.07 Ley de Armas |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Ronda del Toro y la Jueza Lotti Rodríguez.

### **VOTO DISIDENTE DE LA JUEZA GRANA MARTÍNEZ**

El foro apelativo está obligado a cumplir con los objetivos de la Ley de la Judicatura.[10] Esta, a su vez, entre sus propósitos incluye dar mayor acceso a la ciudadanía a los procesos judiciales. Un acceso fácil, económico y efectivo a sus procedimientos, eliminando obstáculos y barreras que impidan impartir justicia apelativa a los ciudadanos con reclamos válidos. 4 LPRA 24(u). Y estos objetivos se deben perseguir eficientemente, pero con sensibilidad y con un enfoque humanista. 4 LPRA sec. 24a(a).

En *Álamo Romero v. Adm. De Corrección*, 175 DPR 314 (2009), el Tribunal Supremo de Puerto Rico atendió una controversia jurisdiccional planteada por el Estado como impedimento para que el foro judicial atendiera una reclamación del señor Álamo Romero, quien era miembro de la población correccional. El Estado afirmaba que el Tribunal Supremo carecía de jurisdicción pues el foro apelativo había notificado su determinación el 30 de marzo de 2007, por lo que Álamo Romero contaba hasta el 30 de abril del mismo año para recurrir ante el Tribunal Supremo. Habiendo presentado su recurso el 2 de mayo de 2007, sostenía que no había jurisdicción. Varias

---

[10] Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, Ley Núm. 201 de 22 de agosto de 2003, según enmendada. 4 LPRA sec. 2.

expresiones en dicho recurso son pertinentes con el caso ante nuestra consideración. Primero, que no se podía ver el planteamiento del Estado en abstracción de la realidad de los reclusos que litigan sus causas por derecho propio. Segundo, que estamos convocados a atender el llamado de la Ley de la Judicatura, a que seamos sensibles a la realidad de los distintos componentes de nuestra sociedad. Por consiguiente, existe la necesidad de evitar que la aplicación automática e inflexible de los requisitos reglamentarios prive a un litigante de su derecho de acceso a los tribunales. Tercero, reconoció que la restricción de la libertad de la población penal implica, entre otras cosas, la falta de control por parte de los reclusos sobre el manejo de su correspondencia. Cuarto, y en extremo importante, reconoció la norma de origen jurisprudencial que persigue evitar que a un miembro de la población correccional que oportunamente hizo cuanto le correspondía hacer para que su escrito fuera presentado en el tribunal antes de que expirara el término para apelar, pierda su derecho por la única razón de que la institución penal, bajo cuya autoridad se encuentra, remitió el documento tardíamente. Reconociendo que las apelaciones de sentencias criminales presentadas por reclusos por propio derecho se formalizan entregando el escrito de apelación, dentro del término para apelar, a la autoridad que le tiene bajo custodia, por analogía, extendió la aplicación de dicha norma a los casos de revisión judicial de decisiones administrativas de la Administración de Corrección en procedimientos disciplinarios instados por reclusos por derecho propio. Afirmó que se entenderá que el recurso fue presentado en la fecha de entrega a la institución carcelaria. Esta autoridad será responsable, a su vez, de tramitar el envío del recurso al foro correspondiente.

Por otro lado, pero no menos importante, la Ley de la Judicatura establece que el Tribunal de Apelaciones atenderá, entre otros, mediante auto de *Certiorari* expedido a su discreción, cualquier resolución u orden dictada por el Tribunal de Primera Instancia. 4 LPRA sec. 24y (B). A su vez, los

recursos de *Certiorari* para revisar resoluciones u órdenes del Tribunal de Primera Instancia deberán presentarse dentro del término de treinta (30) días, contados desde la fecha de notificación de la resolución u orden recurrida. El término dispuesto es de cumplimiento estricto, prorrogable sólo cuando medien circunstancias especiales debidamente sustentadas en la solicitud de *Certiorari.* 32 LPRA Ap. V, Reg. 52.2 (b).

El término de cumplimiento estricto a diferencia de un término jurisdiccional es uno que puede ser prorrogado por los tribunales. No obstante, para conceder dicha prórroga cuando estamos ante un término de cumplimiento estricto **generalmente** se requiere que la parte que solicita la prórroga, o que actúa fuera de término, presente justa causa por la cual no puede cumplir con el término establecido. *Soto Pino v. Uno Radio Group*, 189 DPR 84, 92 (2013). (Énfasis nuestro).

Entonces no hay duda de que el señor Solero Rodríguez es miembro de la población correccional. Indica en su recurso que acude ante el foro apelativo de una Orden del foro primario declarando No Ha Lugar una reconsideración presentada por este y emitida por el foro el 30 de marzo de 2026, notificada el 7 de abril. El recurso de *Certiorari* incluye la fecha de suscrito, el 4 de mayo y está ponchado por el Departamento de Corrección. Si bien, una vez en la secretaría del Tribunal de Apelaciones se entró en el Sistema Unificado de Manejo y Administración de Casos (SUMAC) el 15 de mayo, lo cierto es que el sobre postal tiene un matasellos del 12 de mayo.

Si diéramos por bueno, sin más que la notificación del Tribunal de Primera Instancia fue recibida por el peticionario el 7 de abril, ciertamente el recurso luce que ha sido presentado tardíamente. Pero es en estas circunstancias que debemos recordar los propósitos de la Ley de la Judicatura y permitir mayor acceso a la ciudadanía a los procesos judiciales, eliminando obstáculos y barreras que impiden el mismo. Enmarcado en un enfoque sensible y humanista donde se ha reconocido que los miembros de

la población correccional no manejan su correspondencia, sino que dependen de la administración para el manejo de esta. Y por tal razón, se entiende que el recurso fue presentado en la fecha de entrega a la institución carcelaria. De manera que tomando en consideración la normativa antes expuesta, hubiese concedido un término al señor Solero Rodríguez para certificar a este foro la fecha en que entregó su escrito al personal de manejo de correspondencia en el Departamento, antes de automáticamente desestimar el mismo. O sea, concedería la oportunidad para acreditar justa causa. Interpreto que cuando el Tribunal Supremo indica que la justa causa sea presentada en el mismo escrito se refiere a aquellos casos en que la propia parte se da cuenta del incumplimiento. No podría ser de otra manera, menos aun cuando se trata de una persona que por su confinamiento no maneja su correspondencia y depende de un tercero. En fin, disiento, por la aplicación automática e inflexible de los requisitos reglamentarios sin haber dado la oportunidad de acreditar justa causa.

En San Juan, Puerto Rico, a 27 de mayo de 2026.


Grace M. Grana Martínez
Jueza del Tribunal de Apelaciones